UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                Chapter 7

Anna Marie Anzalone,                                      Case No. 09-51263

      Debtor.                                                         Hon. Phillip J. Shefferly
_____/

### ORDER DENYING MOTION TO REOPEN CHAPTER 7 CASE

On April 11, 2009, the Debtor filed this Chapter 7 case. On July 13, 2009, the Debtor received a discharge. On October 23, 2009, the case was closed. On February 18, 2013, the Debtor filed a motion to reopen this case. Section 350(b) of the Bankruptcy Code provides that a case may be reopened to administer assets, to accord relief to the debtor, or for other cause. The Debtor's motion to reopen this case states that the Debtor wishes to reopen this case "so that a Reaffirmation Agreement can be completed and filed" with respect to her mortgage held by Wells Fargo Home Mortgage.

There are two problems with the Debtor's motion. First, Fed. R. Bankr. P. 4008(a) requires that a reaffirmation agreement be filed no later than 60 days after the first date set for the meeting of creditors under § 341. In this case, the first date set for the § 341 meeting was May 11, 2009. Therefore, the last day to file a reaffirmation agreement in this case was July 10, 2009. While the expiration of that deadline is a problem, it is not necessarily an insurmountable one, because Fed. R. Bankr. P. 4008(a) permits the Court at any time to enlarge the time under that rule to file a reaffirmation agreement. But there is a more substantive problem with the Debtor's motion. Section 524(c)(1) states that a reaffirmation agreement made in a bankruptcy case "is enforceable

only . . . if— (1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title." In this case, as noted, the Debtor received her discharge on July 13, 2009. If the Debtor enters into a reaffirmation agreement at this time with Wells Fargo Home Mortgage, the reaffirmation agreement is not enforceable under § 524(c)(1) of the Bankruptcy Code. Reopening the case at this point to permit the Debtor to enter into and file a reaffirmation agreement is a futile act. Therefore, there is no relief that the Court can accord to the Debtor, and no purpose would be served by now reopening this case. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's motion (ECF No. 14) to reopen this Chapter 7 case is denied.

.

**Signed on February 20, 2013**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**